# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:03-CV-137-W

| | |
|---|---|
| **NATHAN WAYNE BOWIE**          ) | |
|        **Petitioner,**          ) | |
|                                                      ) | |
| v.                                                ) | **ORDER** |
|                                                      ) | |
| **MARVIN POLK, Warden,**     ) | |
| **Central Prison**                      ) | |
| **Raleigh, North Carolina**       ) | |
|        **Respondent.**[1]     ) | |
| _____) | |

THIS MATTER is before the Court upon its own motion. Petitioner Nathan Wayne Bowie (hereinafter "Bowie" or "Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 24, 2003. The State filed its Response and Motion for Summary Judgment on August 5, 2004. On August 6, 2004, Bowie filed a Motion to Amend his Petition by Interdelineation and a Motion for Discovery. On September 13, 2004, Bowie filed a Motion to Continue Consideration of the State's Motion for Summary Judgment until discovery has been conducted. Additionally, Bowie filed a Response to the State's Motion for Summary Judgment and an Affidavit of Steven R. Edelstein. On September 15, 2004, Bowie filed a Motion for Leave to File a Substitute Affidavit of Steven R. Edelstein. On September 16, 2004, Bowie filed a Motion for Leave to file a Second Amendment by Interdelineation. The State filed a Response to the September 16, 2004 motion on October 4, 2004 and a further Response on September 1, 2005. Petitioner filed a Reply to the State's Responses on September 12, 2005.

A habeas petition "may be amended . . . as provided in the rules of procedure applicable

---

[1]Although the Warden of Central Prison is the named Respondent, the Court refers to Respondent as "the State" throughout the Order.

to civil actions." 28 U.S.C. § 2242. Rule 11 of the Rules Governing § 2254 Cases states that, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." (As amended Apr. 26, 2004, eff. Dec. 1, 2004). Rule 15(a) of the Federal Rules of Civil Procedure provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, Motions to Amend § 2254 habeas petitions are subject to the statute of limitations applicable to § 2254.

It appears to the Court that Petitioner's August 6, 2004 and September 16, 2004 Motions to Amend may be untimely under 28 U.S.C. § 2244(d)(1)(D). The statute of limitations is an affirmative defense; however, the district court has the discretion to raise the issue of timeliness *sua sponte*. *See Day v. McDonough*, __ U.S. __, 126 S.Ct. 1675, 1684 (2006) ("[D]istrict courts are permitted, . . . , to consider *sua sponte*, the timeliness of a state prisoner's habeas petition"). When proposed amendments are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances. *See U.S. v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citing Fed.R.Civ.P. 15(c)(2)). Relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading." Fed.R.Civ.P. 15(c)(2). "The 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." *Mayle v. Felix*, __ U.S. __, 125 S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005).

2

Neither Petitioner nor the State has addressed whether Petitioner's two proposed amendments were timely filed. Therefore, each party is HEREBY ORDERED to file a brief addressing the following two questions:

1) Are Petitioner's August 6, 2004 and September 16, 2004 Motions to Amend timely under 28 U.S.C. §§ 2244(d)(1) and 2254?

2) If the amendments are untimely, do they relate back to the original pleading, as required by Rule 15(c)(2) of the Federal Rules of Civil Procedure?

IT IS FURTHER ORDERED THAT neither brief shall exceed ten (10) pages, excluding a page for a Certificate of Service. Each brief shall be filed no later than Friday, September 15, 2006.

Signed: August 28, 2006

Frank D. Whitney
United States District Judge